IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUTHY VIRELLA**, <br><br> Plaintiff, <br><br> v. <br><br> **TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and COLLECTO, INC., d/b/a EOS CCA** <br><br> Defendants. | CIVIL ACTION NO. |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Ruthy Virella, against Defendants Trans Union, LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., and Collecto, Inc. d/b/a EOS CCA for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"),.

### THE PARTIES

2. Plaintiff Ruthy Virella is an adult individual residing at 103-11 Avon Court, Concord, NC 28027.

3. Defendant, Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA.

4. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, NJ.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 5 Century Drive, Parsippany, NJ.

6. Defendant Collecto, Inc. d/b/a EOS CCA ("EOS CCA") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 700 Longwater Drive, Norwell, MA 02061. The principal purpose of EOS CCA is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

10. The inaccurate information includes, but is not limited to, a collection account with EOS CCA that is not Plaintiff's responsibility.

11. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit

worthiness.  The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

13. Plaintiff has disputed the inaccurate information with Defendants by following Trans Union, Equifax and Experian established procedures for disputing consumer credit information.

14. Plaintiff has disputed the inaccurate information with Trans Union, Equifax and Experian from April 2013 through the present.

15. Notwithstanding Plaintiff's efforts, Trans Union, Equifax and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union, Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Trans Union, Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least February 2013 through the present.

16. Despite Plaintiff's efforts, Trans Union, Equifax and Experian  have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

17. Notwithstanding Plaintiff's disputes, EOS CCA has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

18. Despite Plaintiff's efforts, Trans Union, Equifax and Experian have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

19. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – TRANS UNION, EQUIFAX AND EXPERIAN
## VIOLATIONS OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

27. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – EOS CCA
## VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29. Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

30. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III – EOS CCA
## VIOLATIONS OF THE FDCPA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

    a. The false representation of the amount, character or legal status of a debt;

    b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

   c. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

 36. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

 37. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### JURY TRIAL DEMANDED

 38. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

  (a) Actual damages;

  (b) Statutory damages;

  (c) Punitive damages;

  (d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: September 17, 2013